UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GRECIA ESCOBAR,

                Petitioner,                **MEMORANDUM AND ORDER**
    -against-                                Case No. 11-CV-3029 (FB)

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x

*Appearances:*
For the Petitioner:                            *For the Respondent*:
JOYCE C. LONDON, ESQ.              LORETTA E. LYNCH, ESQ.
20 Vesey Street, Suite 400              United States Attorney
New York, New York 10007            CARRIE CAPWELL, ESQ.
                                                      Assistant United States Attorney
                                                      271 Cadman Plaza East
                                                      Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

        Petitioner Grecia Escobar seeks to vacate her sentence and be re-sentenced pursuant to 28 U.S.C. § 2255 ("§ 2255"). For the reasons that follow, that petition is denied.

**I**

        On September 28, 2005, Escobar was arrested in Colombia, pursuant to a provisional arrest warrant. Escobar was extradited to the Eastern District of New York ("EDNY") and arraigned on December 28, 2006. On October 2, 2007, Escobar pleaded guilty to one count of conspiring to import five kilograms or more of cocaine. In preparing Escobar's Pre-Sentence Report ("PSR"), the Probation Department considered a prior offense: on September 24, 1990, the United States District Court for the Central District of California ("CDCA") convicted Escobar of a conspiracy to distribute a controlled substance. The PSR stated that Escobar was sentenced to 48 months; Escobar did not serve her sentence because she returned

to Colombia without permission. On June 24, 2010, Escobar was sentenced in the EDNY to 132 months imprisonment followed by five years of supervised release. She requested that the court impose this sentence to run concurrently with her previous, undischarged sentence, and the court denied this request, leaving this decision to the discretion of the Bureau of Prisons. Escobar has since learned that her prior sentence was for 11 years, rather than four years, and that this sentence will run consecutively to her new sentence.

II

Under the terms of her plea agreement, Escobar waived her right to appeal her sentence if the court imposed a sentence of 405 months or less. She contends that this waiver is unenforceable and she is entitled to re-sentencing, however, because the sentencing court violated her Fifth Amendment Due Process rights in relying upon erroneous information set forth in the PSR, specifically the length of her undischarged CDCA sentence.

The Second Circuit has explicitly held that, in the absence of "any basis for [petitioner] to claim that the District Court relied on inaccurate information in determining [her] sentence. . . the mere existence of inaccurate information in a presentence report, rather than a district court's reliance on such information in sentencing, [does not] constitute[] a due process violation," nor is it "an error sufficient to void an appeal waiver." *United States v. Arevalo*, 628 F.3d 93, 99 (2d Cir. 2010). Escobar does not provide any support for her conclusory assertion that "[h]ad the Court been aware that the Bureau of Prisons would make Ms. Escobar serve an additional eleven years in custody. . . the Court's sentencing decision might well have been different." Pet's Mem. of Law at 6. The record is devoid of any evidence showing that the sentencing court actually relied on the erroneous information.

2

Instead, the sentencing transcript explicitly demonstrates that the CDCA sentence did not factor into Escobar's 2010 sentence. When asked to impose the new 132 month sentence concurrent with the undischarged CDCA sentence, Judge Trager stated: "I think that would be inappropriate because I don't know how I can take [the undischarged sentence] into account. And if I did, then I would – if I made it concurrent, it would affect what kind of sentence I would give here." Tr. of Criminal Cause for Sentencing at 10. He also stated, with respect to the undischarged sentence, "I just don't want to get involved in it. . . The sentence of the Court, taking into account the defendant's role and all the things defense counsel has said, will be 132 months' imprisonment. I'm not going to say it's either consecutive or concurrent. I'm just not saying anything. Whatever will be, will be. She's an American citizen. If they exercise it, they exercise it. If they decide to forget about it, they can forget about it." *Id.* at 11.

### III

The sentencing judge clearly stated the facts that were the basis for Escobar's sentence, and stated repeatedly that the CDCA sentence, regardless of its length, played no role in his decision. The mere presence of the erroneous date in the PSR, without more, does not void Escobar's appeal waiver or entitle her to re-sentencing. Accordingly, Escobar's motion for re-sentencing is denied.

**SO ORDERED.**

s/ Judge Frederic Block
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 3, 2012

3